UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────
SENORA L. BOLARINWA,

                Petitioner,

    -against-                              9:07-CV-1113 (LEK/DEP)

SABINA KAPLAN, Superintendent,

                Respondent.
─────────────────────────────────────────

## DECISION AND ORDER

**I.    INTRODUCTION**

       This matter comes before the Court following a Report-Recommendation filed on May 8, 2012 by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York. Dkt. No. 90 ("Report Recommendation"). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by *pro se* Petitioner Senora Bolarinwa ("Petitioner"), which were filed May 29, 2012. Dkt. No. 91 ("Objections").

**II.    BACKGROUND**

       The Court presumes the parties' familiarity with the facts and allegations underlying the instant action and recounts the facts only to the extent necessary to decide this Petition for habeas relief for Petitioner's state court conviction pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition"). For additional background, reference is made to the Petition filed on October 22, 2007, the Report-Recommendation issued by Judge Peebles on May 8, 2012, and the Decision and Order issued by the Court on October 21, 2011. Petition; Report-Rec.; Dkt. No. 74 ("Order"). Petitioner objects to: the application of Federal Rule of Civil Procedure 72(b) as it affects the Court's

evaluation of her Petition; the constitutionality of the Antiterrorism and Effective Death Penalty Act; and the dismissal of her Petition on the grounds that it is untimely. See Obj. at 50-51.

### III.   STANDARD OF REVIEW

The Court is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b).  Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the report and recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997).  "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  The Court has considered the Objections and reviewed the record and has determined that the Report-Recommendation should be approved and adopted in its entirety for the reasons stated herein.

### IV.   DISCUSSION

**A. Promptness of Proceedings and Applicability of Rule 72**

Petitioner objects that Judge Peebles incorrectly applies Rule 72(b). See Fed. R. Civ. P. 72(b)(1); Obj. at 51.  Rule 72(b) "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28 [of the U.S. Code.]" See Fed. R. Civ. P. 72(b)(1).  Therefore, because Petitioner is in state custody, 28 U.S.C. § 2254 applies in this case.

Despite her objection to the applicability of Rule 72, Petitioner also objects that Magistrate

Judge Peebles failed to "promptly conduct the required proceedings" as required by Rule 72 because it has been over two years since the matter was remanded by the Court of Appeals for consideration of Petitioner's equitable tolling claim. See FED. R. CIV. P. 72(b)(1); Obj. at 50; Dkt. No. 23. The Court notes that Rule 72 does not apply to habeas petitions and that the statutory text of 28 U.S.C. § 2254 – unlike Rule 72 – does not contain a requirement of promptness. Therefore, the Court rejects Petitioner's objection because she advances no argument beyond a recitation of Rule 72 to support her promptness claim and cannot advance such a claim under § 2254.

### B. Constitutionality of Antiterrorism and Effective Death Penalty Act

Petitioner additionally objects to the use of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), arguing that the Act unconstitutionally restricts the power of federal courts to grant habeas relief to state prisoners. Obj. at 51. The Court finds this argument to be without merit. In addressing similar challenges, courts have found that the AEDPA does not create an unreasonable barrier that prevents state prisoners from petitioning federal courts for habeas relief or otherwise render habeas relief an ineffective test of detention. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 113 (2d Cir. 2000); Rodriguez v. Artuz, 990 F. Supp. 275, 282 (S.D.N.Y. 1998) aff'd, 161 F.3d 763 (2d Cir. 1998) ("The AEDPA's statute of limitations does not create an unreasonable barrier preventing state prisoners from petitioning the federal courts for habeas relief."); cf. United States v. Lesch, No. 3:02-CR-401, 2009 WL 4110755, at *2 (N.D.N.Y. Nov. 20, 2009) (holding that the one year statute of limitations for habeas petitions for federal prisoners is not unconstitutional). In her Objections, Petitioner has failed to present any novel arguments to lead the Court to conclude otherwise. Cf. Tinsley v. Woods, No. 08 CV 1332, 2011 WL 447, at *3 (S.D.N.Y. Sept. 28, 2011) (rejecting petitioner's challenge because "[n]o court has held AEDPA to

be unconstitutional in reliance on any of these opinions. And no decision the Court could find has granted relief based upon the argument petitioner advances.").

### C. Timeliness

Applications for writs of habeas corpus by individuals who are in custody pursuant to state court judgments are subject to AEDPA's one-year statute of limitations. See 28 U.S.C. § 2244(d)(1). Although this period may be tolled, tolling only pauses the one-year limitations period; it does not restart it. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).

Unless it were tolled, Petitioner's one-year limitation period began to run once her conviction became final on or about November 12, 1999 and expired on November 12, 2000. See 28 U.S.C. § 2244(d)(1); Dkt. No. 5 at 3. Therefore, in order for the present action – which commenced in 2007 – to be timely, the one-year limitation period must have been tolled. See 28 U.S.C. § 2244(d)(1); Dkt. No. 5 at 3. Petitioner first objects to the finding that her Petition is not timely and argues that her CPL § 440.10 proceeding and her petition for a writ of error *coram nobis* tolled the statute of limitations. Obj. at 54-55. In addition, Petitioner argues that her mental illness permits the Court to apply the doctrine of equitable tolling. Id. at 54-55. Finally, Petitioner objects that the present action is timely because of her claim of actual innocence. Id. at 54-55.

####    *1. State Proceedings*

The AEDPA's one-year statute of limitations may be tolled when a state court petition for collateral review is filed.[1] See 28 U.S.C § 2244 (d)(2); see, e.g., Duncan v. Walker, 533 U.S. 167, 176 (2001). The Court concludes that Petitioner's CPL § 440.10 proceeding and her petition for a

---

[1] 28 U.S.C. § 2244 (d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."

4

writ of error *coram nobis* did not toll the statute of limitations because they were both filed after November 12, 1999 – at which point the one-year period of limitations had already expired. Dkt. No. 7 at 2. See, e.g., Lawrence, 549 U.S. at 331; Duncan, 533 U.S. at 176; Ryan v. Superintendent, No. 9:10-CV-395, 2011 WL 6934272, at *2-3 (N.D.N.Y. Oct. 6, 2011).

  *2. Equitable Tolling*

  Equitable tolling applies and tolls the AEDPA statute of limitations only in the "rare and exceptional circumstance[]." McGinnis, 208 F.3d at 17 (quoting Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir.)). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted); McGinnis, 208 F.3d at 17. The standard for evaluating a petitioner's claim of extraordinary circumstances is one which focuses on "the severity of the obstacle claimed as an impediment to the timely filing of a habeas petition, rather than the uniqueness of her circumstances." See Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011); Bolarinwa v. Williams, 593 F.3d 226, 231-32 (2d Cir. 2010).

  Mental illness may operate as an extraordinary circumstance. See, e.g., Bolarinwa, 593 F.3d at 231-32; Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000); Canales v. Sullivan, 936 F.2d 755, 756 (2d Cir. 1991). However, "mental illness does not toll a filing deadline *per se*." Bolarinwa, 593 F.3d at 232. Instead, the determination of whether mental illness prevented timely filing is "highly case-specific." See id. at 232 (quoting Brown v. Parkchester S. Condos., 287 F. 3d 58, 60 (2d Cir. 2002)). "[I]n order to justify tolling of the AEDPA one-year statute of limitations due to mental illness, a habeas petitioner must demonstrate that *her particular disability* constituted an

5

'extraordinary circumstance' severely impairing her ability to comply with the filing deadline, despite her diligent efforts to do so." Bolarinwa, 593 F.3d at 232. Finally, for a petitioner to have acted with due diligence she must have acted with "reasonable diligence" throughout the entire period for which tolling is sought. Harper, 648 F.3d at 138-39.

In this case, Petitioner argues that her mental illness was an extraordinary circumstance that prevented her from asserting her legal rights prior to the date the present action was initiated. See Obj. at 25-26. However, the Court is unconvinced that mental illness rendered Petitioner unable to pursue her legal rights *for the entire seven-year period*. See Harper, 648 F.3d at 137; Bolarinwa, 593 F.3d at 231-32. First, the Court notes that Petitioner filed and researched other legal claims before filing her Petition. Cf. Harper, 648 F.3d at 139 (the "assumption that [petitioner] acted with reasonable diligence while hospitalized finds support in. . . the fact that he, nevertheless, sought to protect his right to seek § 2254 relief by submitting a letter to the court requesting an extension of time within which to file his petition."). For example, her CPL § 440.10 proceeding was filed in July 2006 and her petition for a writ of error *coram nobis* was filed in January 2007, months before she filed this Petition in August 2007. In addition, Petitioner appears to have remained engaged in various legal endeavors by: writing her appellate counsel in 2000 to inquire why she was not receiving responses to letters; using law books to research a wrongful death suit filed against her in 2005; and filing her Petition for the present case that relies on some research performed in 2005. Pet. at 12.

Petitioner's clinical assessments and activities also do not demonstrate her inability to exercise her legal rights. Cf. Harper, 648 F.3d at 137 (holding that being confined to a hospital bed because of surgery is an exceptional circumstance). Although her symptoms affect her

temperament, emotional balance, and decision making, Petitioner was found to have a high level ability to function despite "mild symptoms" on multiple occasions. Dkt. No. 46 at Exh. C; Dkt. No. 47 at 92. See Rhodes v. Senkowski, 82 F. Supp. 2d 160, 169 (S.D.N.Y. 2000) (no equitable tolling where petitioner experienced, *inter alia*, depression and extreme headaches); Cannon v. Kuhlmann, No. 99-CV-10101, 2000 WL 1277331, at *5 (S.D.N.Y. Sept. 7, 2000) (no equitable tolling where petitioner took psychiatric medication and had memory loss, a learning disability, and a low I.Q. level).

Moreover, Petitioner demonstrated the capability to exercise her legal rights by attending work modules, taking classes toward a sociology degree as early as 2000, and even tutoring other prisoners in the prison's school during this seven-year period. Dkt. No. 47 at 92. See Rhodes, 82 F. Supp. 2d at 169. Her ability to exercise her legal rights was only briefly interrupted by four admissions to the Central New York Psychiatric Center which lasted for a total of fifty days out of the seven-year period she seeks to have tolled.[2] Dkt. No. 46 at Exh. C; Report-Rec. at 17. Finally, Petitioner's medical records during the seven-year period demonstrate that she engaged in self-reflection on her current condition as well as the future. Report-Rec. at 20-22. Petitioner contends that her capabilities for self-awareness and self-reflection are only relevant insofar as they show her due diligence to cooperate with treatment, rather than to pursue her legal rights; however, the Court finds that they are relevant in determining whether her mental illness is severe enough to be considered an extraordinary circumstance as well as whether she acted with reasonable diligence.

---

[2] In Harper, the court found that equitable tolling applied because the petitioner's one-year limitation period expired while he was hospitalized during a ninety-eight-day stay. 648 F.3d at 134. Unlike in the present case, if only the duration of his hospital stay had been tolled in Harper, then the petition in that case would have been filed within the one-year limitation period. See id.

See, e.g., Bolarinwa, 593 F.3d at 231-32 (emphasizing that the nature of the mental illness and facts alleged mist be weighed in determining if tolling is appropriate); Boos, 201 F.3d at 185 (same); Canales, 936 F.2d at 756 (same).

Based on this factual analysis, the Court cannot conclude that Petitioner "act[ed] as diligently as reasonably could have been expected *under the circumstances.*" See Harper, 648 F.3d at 139 (quoting Baldayaque v. United States, 338 F.3d 145, 153 (2d Cir. 2003)) (emphasis in original). Therefore, the Court finds that since Petitioner's mental illness was not an exceptional circumstance, she did not exercise due diligence throughout the entire seven-year period she wishes to toll. See id.

### 3. Actual Innocence

Finally, Petitioner objects to the finding that her Petition is untimely due to her claim of actual innocence. Obj. at 54-55. The Court notes that the effect of an actual innocence claim on the constitutionality of AEDPA's statute of limitations remains an open question. See, e.g., Doe v. Menefee, 391 F.3d 147, 161 (2d Cir. 2004); Whitley v. Senkowski, 317 F.3d 223, 225 (2d Cir. 2003); Warren v. Artus, No. 9:05-CV-1032, 2007 WL 1017112, at *9 (N.D.N.Y. Mar. 30, 2007). Nevertheless, the Court considers Petitioner's claim of actual innocence. Cf. Warren, 2007 WL 1017112 at *9 (stating that the Second Circuit Court of Appeals "has nevertheless directed district courts to consider a properly raised claim of actual innocence as a basis for invoking equitable tolling before dismissing a habeas petition as untimely filed.") (citations omitted). "[B]ecause of the very disruptive effect that entertaining claims of actual innocence would have on the need for finality in capital cases, and the enormous burden that having to retry cases based on often stale evidence would place on the States, the threshold showing for such an assumed right would

necessarily be extraordinarily high." Herrera v. Collins, 506 U.S. 390, 417 (1993). Courts impose this high threshold because credible actual innocence claims are "extremely rare." Schlup v. Delo, 513 U.S. 298, 299 (1995); Menefee, 391 F.3d at 161. Petitioner's general discussion about the evidence she presented at trial fails to meet this high standard. See Obj. at 14-15. Petitioner has not presented new evidence that was unavailable at trial and that "show[s] that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." See Schlup, 513 U.S. at 327. Therefore Petitioner is not entitled to equitable tolling based on actual innocence.

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 90) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that the Petition (Dkt. No. 1) is **DISMISSED** as untimely, and that Petitioner's request for a finding of equitable tolling is **REJECTED**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on the Petitioner by regular mail.

**IT IS SO ORDERED**.


DATED:     June 25, 2012
           Albany, New York

Lawrence E. Kahn
U.S. District Judge